In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 18-3571

TIMOTHY J. FAST,

*Plaintiff-Appellant,*

*v.*

CASH DEPOT, LTD.,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 16-CV-1637 — **William C. Griesbach**, *Chief Judge.*

———————————

ARGUED MAY 14, 2019 — DECIDED JULY 30, 2019

———————————

Before FLAUM, KANNE, and SCUDDER, *Circuit Judges.*

KANNE, *Circuit Judge.* Cash Depot underpaid employees
for their overtime work. Timothy Fast, a former employee,
filed this action under the Fair Labor Standards Act on behalf
of himself and other Cash Depot employees. In response,
Cash Depot hired an accountant to investigate the matter and
subsequently issued checks to all underpaid current and for-
mer employees covered by the suit. The company also issued

checks to Fast for his underpaid wages, an amount for liqui-
dated damages under the FLSA, and the amount of Fast's dis-
closed attorney fees to that point in the litigation. Fast and his
attorney never cashed their checks.

Cash Depot then moved to dismiss the suit as moot or, al-
ternatively, for summary judgment. The district court denied
the motion to dismiss because Fast contested whether Cash
Depot correctly calculated the amount it owed him and other
employees. However, the court granted partial summary
judgment for Cash Depot, "to the extent that [it] correctly cal-
culated" what it owed Fast. Eventually Fast's attorney con-
ceded that Cash Depot correctly paid the missing wages and
urged that only a dispute over additional attorney fees re-
mained.

After Fast's demand for additional attorney fees went un-
answered, he filed a motion for attorney fees. Cash Depot re-
sponded in kind with a motion to dismiss or, alternatively, a
motion for summary judgment. The court determined that be-
cause Fast was not a prevailing party for the purposes of the
FLSA, he was not entitled to attorney fees, and granted Cash
Depot's motion for summary judgment. Fast appeals, arguing
that he was a prevailing party and is entitled to reasonable
attorney fees. But because he never received a favorable judg-
ment, we affirm.

## I. BACKGROUND

Cash Depot maintains and services ATMs in the Green
Bay, Wisconsin area. Timothy Fast, a former service techni-
cian, believed that Cash Depot underpaid him by failing to
count certain non-discretionary bonuses and other payments
in his base pay when the company calculated his overtime

pay. He brought this suit against Cash Depot on behalf of himself and all similarly situated service technicians in the Eastern District of Wisconsin, alleging that Cash Depot's failure to pay the proper overtime amounts violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 203 *et seq*.

Shortly after filing suit and exchanging initial discovery, Cash Depot determined that the cost of defending a class action suit would likely outweigh the class members' potential damages. To assess whether it had underpaid its employees, Cash Depot hired an accounting firm that ultimately confirmed that the company miscalculated overtime pay. The accounting firm tallied Cash Depot's cumulative underpayments at less than $22,000.

Cash Depot then issued checks to all its current and former employees covered by the suit for the amounts the company underpaid them individually. The company's counsel also mailed a letter and check for $338.98 to Fast's counsel to compensate Fast for his underpaid wages and liquidated damages provided under the FLSA. The letter informed Fast that Cash Depot also intended to compensate him for all reasonable attorney fees incurred up to that point in the litigation. In its early discovery correspondence with Fast, Cash Depot requested the amount of legal fees Fast's counsel had incurred so far. Relying on a discovery disclosure made by Fast's counsel, Cash Depot sent Fast's counsel a check for $13,333.35 to cover attorney fees and costs. Neither Fast nor his counsel cashed their checks.

Cash Depot then filed a motion to dismiss the case as moot because it paid Fast and all other members of the putative class in full. It also filed, in the alternative, a motion for summary judgment that asked the district court to establish that

it only owed Fast $380.76 in underpaid wages, his costs, and his reasonable attorney fees. The district court denied Cash Depot's motion to dismiss, noting that as a representative for the putative class, Fast had a right to avoid a forced settlement and to refuse to accept the money. However, the district court partially granted Cash Depot's motion for summary judgment as to the amount of Fast's damages (to the extent that Cash Depot made correct calculations). Cash Depot had provided its calculations of the amount it underpaid Fast to his counsel and to the court, but Fast's counsel claimed that he believed they were incorrect. Yet Fast's counsel neither explained the basis for this belief, nor revealed his own calculations of how much Cash Depot owed. The district court noted that Fast had an interest in serving as a potential class representative, and therefore could avoid Cash Depot's attempts to moot the case by declining to disclose the amount.

After the district court denied Cash Depot's motion to dismiss, it lifted a stay on discovery. Cash Depot then provided Fast's counsel redacted copies of its calculations and payment information for all its employees in December 2017, even though Fast still had not moved for class certification. In February 2018, Fast's counsel finally conceded that Cash Depot had correctly paid all wages owed to its employees (including Fast) and stated that the parties only needed to reconcile the appropriate amount of attorney fees. By that point in the litigation, Fast's counsel claimed that his reasonable fees had risen to $50,137.04. He sent e-mails to Cash Depot requesting an update on settling attorney fees, but Cash Depot's counsel never responded. Fast eventually filed a motion for attorney fees on June 20, 2018. Cash Depot then filed a motion to dismiss or, alternatively, for summary judgment on July 25, 2018.

In November 2018, the district court denied Fast's motion for attorney fees and granted Cash Depot's motion for summary judgment. In its order, the district court explained that § 216(b) of the FLSA provides that an award of attorney fees is contingent on a favorable judgment for the plaintiff. However, looking to our decision in *Palmetto Props., Inc. v. Cty. of DuPage*, 375 F.3d 542, 547 (7th Cir. 2004), the district court determined that the Supreme Court's *Buckhannon* analysis for "prevailing parties" in discretionary fee-shifting statutes also applied. The Supreme Court's decision in *Buckhannon* required that a "prevailing party" under federal fee-shifting statutes must attain a judgment in his favor, a court-approved settlement, or some other favorable resolution with a "judicial *imprimatur*." *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603–05 (2001). The district court noted that Fast received no judgment in his favor and that Cash Depot's voluntary payments never received court approval. The court then determined that because Fast never moved to certify the class and because his counsel conceded that Cash Depot paid Fast and the putative class the proper amount of owed wages, a live controversy no longer existed. It granted summary judgment for Cash Depot and dismissed the case. Fast appeals.

## II. ANALYSIS

In an appeal from the denial of a motion for attorney fees, we review the district court's legal conclusions *de novo*. *Palmetto Props.*, 375 F.3d 542, 547 (7th Cir. 2004). However, we review any underlying factual matters for clear error. *Id*.

The Fair Labor Standards Act provides a right of action to employees whose employers violate the Act. 29 U.S.C. § 216(b). Relevant to this suit, the Act provides that a "court,

in [the] action *shall, in addition to any judgment awarded* to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id*. (emphasis added). Notably, the statute makes an award of fees mandatory, not discretionary.

But perhaps because we have not previously had occasion to address the question of attorney fee awards under the FLSA, the district court determined that Supreme Court precedent interpreting discretionary fee-shifting provisions in other statutes provided guidance here. *See Buckhannon*, 532 U.S. at 601–05. In *Buckhannon*, the Court addressed language in the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990, which authorized courts to award fees—in their discretion—to a "prevailing party." The Court determined that a "prevailing party" for the purpose of discretionary fee-shifting statutes is one who secures a "judicially sanctioned change in the legal relationship of the parties." *Id*. at 605. Here, the district court determined that because it denied any relief to Fast throughout the course of this suit, Fast was not a prevailing party under *Buckhannon*.

On appeal, Fast argues that even if *Buckhannon* guides this case, he is the prevailing party thanks to the district court's November 2017 summary judgment order confirming that Cash Depot owed him wages, liquidated damages, and reasonable attorney fees. Cash Depot believes that Fast waived that argument because it departs from his position at summary judgment. And even if Fast did not waive his argument, Cash Depot maintains that § 216(b) requires parties to obtain a final judgment in their favor to collect attorney fees. In light of the statute's text and our precedent, we agree and do not consider Cash Depot's other arguments.

Neither the district court, nor the parties up to this point, identified our precedent that squarely addressed nearly identical mandatory fee-shifting language in another statute. In *Franzen v. Ellis Corp.*, the parties feuded over the attorney fees provision in the Family and Medical Leave Act of 1993. 543 F.3d 420 (7th Cir. 2008). That statute provides that district courts "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). In *Franzen*, we noted that, "[u]nlike most other statutory fee-shifting provisions, section 2617 [of the FMLA] *requires* an award of attorneys' fees to the plaintiff when applicable." 543 F.3d at 430. We also observed that, "the plain wording of the statute provides some limit on…awarding attorneys' fees," and that "an actual 'judgment' in favor of the plaintiff is a necessary triggering event for an award of attorneys' fees under the FMLA." *Id*. *Franzen* relied on another case in which we distinguished between fee-shifting statutes contingent on judgments and fee-shifting statutes providing awards to "prevailing parties." *See Stomper v. Amalgamated Transit Union, Local 241*, 27 F.3d 316, 318 (7th Cir. 1994) ("[W]e conclude that the plaintiff must prevail by judgment in order to receive an award of attorneys' fees. '[I]n addition to any judgment awarded to the plaintiff' implies a favorable judgment." (quoting 29 U.S.C. § 431(c))).

Therefore, by the plain language of the statute and our precedent addressing nearly identical statutory language, there is no question that the FLSA requires a favorable judgment before a plaintiff becomes entitled to attorney fees. And *Franzen* addresses what constitutes a favorable "judgment" in these contexts. In that case, a plaintiff sued his former employer, alleging that the company interfered with his right to

take post-injury leave under the FMLA. 543 F.3d at 421. The district court bifurcated the case into a jury trial on liability and a bench trial on damages. *Id*. At the end of trial, the jury returned a verdict in favor of the plaintiff as to liability. *Id*. However, because the district court determined that the plaintiff failed to prove he was entitled to damages, it refused to award him attorney fees. *Id*. The plaintiff appealed, and we held that although he received a favorable verdict from the jury, the district court ultimately issued its judgment in the defendant's favor, depriving the plaintiff of the right to attorney fees. *Id*. at 430-32.

Although the district court's November 2017 summary judgment order in Cash Depot's favor included language stating, "summary judgment is granted to the extent that Cash Depot correctly calculated that it owes Fast the sum of $380.76 in unpaid overtime plus his costs and reasonable attorneys' fees," the district court never entered a judgment in Fast's favor. Here, the judgment simply states: "[i]t is hereby ordered and adjudged that plaintiff takes nothing and the case is dismissed." As we said in *Stomper*, "a judgment reading 'Plaintiffs shall take nothing by their complaint' is still a judgment." 27 F.3d at 319. But "[t]hat is not a judgment 'awarded to' the plaintiff[]; it is a judgment suffered by the plaintiff[]." *Id*. Without a judgment in his favor, Fast's claim for fees fails.

### III. CONCLUSION

We determine that the *Buckhannon* "prevailing party" analysis does not apply to claims under § 216(b) of the FLSA. However, because the district court never entered a favorable judgment for Fast, it correctly declined to award him attorney fees. AFFIRMED.