NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MESA AIRLINES, INC., *Plaintiff/Appellee*,

*v.*

DAVID DAVIS, *Defendant/Appellant*.

No. 1 CA-CV 20-0040
FILED 2-23-2021

Appeal from the Superior Court in Maricopa County
No. CV2017-008615
The Honorable Teresa A. Sanders, Judge

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

COUNSEL

Weeks Law Office, PLLC, Tempe
By Robert T. Weeks
*Counsel for Plaintiff/Appellee*

Cronus Law, PLLC, Phoenix
By Erin A. Hertzog
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

---

**C A T T A N I**, Judge:

¶1        David Davis appeals from the superior court's judgment in favor of Mesa Airlines, Inc., challenging the court's resolution of the parties' requests for attorney's fees and calculation of prejudgment interest. For reasons that follow, we reverse the denial of Davis's request for fees related to his state and federal minimum wage claims, affirm the court's fee award in favor of Mesa Airlines, and remand for further proceedings, including recalculation of prejudgment interest at a simple 10% annual rate.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Davis, a pilot, was employed by Mesa Airlines for three months in late 2016. Before beginning employment, Davis signed two promissory notes promising to repay Mesa Airlines for portions of his training costs should he leave the job before a specified amount of time (12 months for one note, 36 months for the other) had passed. When Davis left after only three months, Mesa Airlines withheld his final paycheck in full to apply that amount to the outstanding balance on the promissory notes.

¶3        Mesa Airlines sued Davis for breach of contract for failure to pay the balance due on the promissory notes. Davis answered and asserted seven counterclaims against Mesa Airlines, including claims that Mesa Airlines had violated state and federal minimum wage laws by withholding his final paycheck in full and had otherwise underpaid him in violation of state wage laws, as well as other claims relating to tax withholding on portions of his compensation.

¶4        Both sides moved for summary judgment. The superior court granted summary judgment in favor of Mesa Airlines for over $17,000 on its claims for breach of the promissory notes. The court granted summary judgment in favor of Davis on his state and federal minimum wage counterclaims ($127.37 in minimum wage owed, trebled under A.R.S. § 23-364(G)) and in his favor in part on a wage claim ($1,000 additional

compensation owed, trebled under A.R.S. § 23-355(A)); the court granted summary judgment for Mesa Airlines on the rest of Davis's claims.

¶5            Both sides then requested an award of attorney's fees.  Davis asserted a statutory entitlement to fees for prevailing on his state and federal minimum wage claims under A.R.S. § 23-364(G) and 29 U.S.C. § 216(b), respectively, and sought a discretionary award of fees under A.R.S. § 12-341.01 for succeeding on his wage claim.  Mesa Airlines sought fees under the terms of the promissory notes as well as under A.R.S. § 12-341.01.  The superior court granted Mesa Airlines' request and denied Davis's, reasoning that although Davis had won his minimum wage claims, he had not prevailed overall or obtained a judgment against Mesa Airlines, given that the net judgment on all claims was in favor of Mesa Airlines.  The court did, however, reduce the award of Mesa Airlines' attorney's fees to omit those fees directly related to the minimum wage claims.

¶6            The court entered judgment in favor of Mesa Airlines for $13,868.99 in remaining principal on the notes (after offsetting the damages awarded to Davis), a total of $4,521.15 in prejudgment interest (beginning the date Davis terminated employment), post-judgment interest at 10% per annum pursuant to the terms of the notes, plus costs and $21,734.23 in attorney's fees.  Davis moved for a new trial or to amend the judgment, again asserting a statutory entitlement to fees on his minimum wage claims.  The court denied the motion.

¶7            Davis timely appealed the judgment as well as the ruling denying his post-judgment motion.  We have jurisdiction under A.R.S. § 12-2101(A)(1), (5)(a).

## DISCUSSION

### I.    Attorney's Fees for Davis's Minimum Wage Claims.

¶8            First, Davis argues the superior court erred by denying his request for an award of attorney's fees related to his state and federal minimum wage claims based on the court's determination that he did not prevail in the action overall.  We generally review the superior court's attorney's fees award, including its determination of a prevailing party, for an abuse of discretion, but we review de novo the application of statutes authorizing fee awards as an issue of statutory interpretation.  *Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 562, ¶ 39 (App. 2014).

¶9            Both the Arizona Minimum Wage Act (AMWA) and the federal Fair Labor Standards Act (FLSA) mandate an award of reasonable

attorney's fees to an employee who prevails on a claim for a minimum wage violation. A.R.S. § 23-364(G) (allowing an employee to seek judicial enforcement against an employer who violates Arizona's minimum wage law, and providing that "[a] prevailing plaintiff shall be entitled to reasonable attorney's fees"); 29 U.S.C. § 216(b) (providing a right of action for an employee against an employer who violates federal minimum wage law, 29 U.S.C. § 206, and requiring that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant").

¶10 There is no real dispute that Davis prevailed on the minimum wage claims themselves: the court granted summary judgment in his favor on each of these two counterclaims, and it awarded him $382.11 as treble damages for the violation. The court nevertheless denied his request for fees because Mesa Airlines had received the *overall* judgment, given the company's victory on its contract claims for a greater amount than Davis's recovery on his minimum wage and wage counterclaims.

¶11 This net judgment inquiry addresses which party prevailed in the action at large, which is appropriate for purposes of awarding fees under § 12-341.01(A), which permits an award to the party that is successful "[i]n any contested *action* arising out of a contract," or for assessing costs under § 12-341, which awards taxable costs to "[t]he successful party to a civil *action*." (Emphasis added); *see also Vortex Corp.*, 235 Ariz. at 562, ¶ 40 (describing net judgment rule for fees under A.R.S. § 12-341.01); *Trollope v. Koerner*, 21 Ariz. App. 43, 47 (App. 1973) (construing "successful party" based on net judgment for purposes of costs under A.R.S. § 12-341).

¶12 But the AMWA's fee provision does not include comparable language referring to prevailing in the "action" as a whole, potentially including other claims unrelated to the asserted minimum wage violations. *See* A.R.S. § 23-364(G). Instead, it simply requires a fee award in favor of the "prevailing plaintiff" in the context of enforcing the provisions of the AMWA itself. *Id.* That is, "prevailing" on the AMWA claim alone (regardless of the employee's success on other claims) constitutes "prevailing" for purposes of § 23-364(G).

¶13 As to the FLSA fee provision, Mesa Airlines argues that application of the net judgment rule was appropriate because a fee award on that basis must be in addition to "any judgment *awarded to the plaintiff*." 29 U.S.C. § 216(b) (emphasis added). But the authorities on which Mesa Airlines relies do not reflect an application of the net judgment rule to FLSA claims. *See Fast v. Cash Depot, Ltd.*, 931 F.3d 636 (7th Cir. 2019); *Dionne v.*

*Floormasters Enters., Inc.*, 667 F.3d 1199 (11th Cir. 2012). In both cases, the lack of a "judgment awarded to the plaintiff" was based on the employer's voluntary payments to cure violations of the FLSA that, although perhaps prompted by an employee's lawsuit, did not rely on any action by the court. *See Fast*, 931 F.3d at 638–41 (finding no judgment awarded to the plaintiff when, immediately after employee filed suit, employer voluntarily tendered full amounts previously underpaid, resulting in a final judgment "adjudg[ing] that plaintiff takes nothing and the case is dismissed"); *Dionne*, 667 F.3d at 1200, 1205–06 (finding no judgment awarded to the plaintiff by dismissal of FLSA claim as moot after employer, still denying liability, voluntarily tendered payment of the amount the employee sought). Here, in contrast, the final judgment entered by the superior court included an award of damages to Davis: although not listed separately, the amount of the judgment in Mesa Airlines' favor was based on an offset awarding Davis the amounts he recovered on his minimum wage claims. Albeit implicit, the final judgment included an amount awarded to Davis, triggering the mandatory attorney's fees provision of 29 U.S.C. § 216(b).

¶14 Accordingly, we reverse the superior court's decision denying Davis's request for attorney's fees related to his AMWA and FLSA claims only and remand for the court to determine a reasonable fee award. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 & n.9 (1983); *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188–89 (App. 1983).

## II. Attorney's Fees Award for Mesa Airlines.

¶15 Davis next argues the superior court erred in the amount of attorney's fees awarded to Mesa Airlines. We review the amount of a fee award for an abuse of discretion. *See Vortex Corp.*, 235 Ariz. at 562, ¶ 39; *see also McDowell Mtn. Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 270–71, ¶¶ 20–21 (App. 2007) (noting that, when awarding attorney's fees under a contractual provision for the award of "all" fees incurred, the superior court's "discretion is more narrowly circumscribed" to only reducing those fees shown to be "clearly excessive").

¶16 Although acknowledging that the superior court reduced the amount of fees requested by $3,240 to eliminate Mesa Airlines' fees directly related to the minimum wage claims, Davis asserts that this reduction was "woefully insufficient." But this reduction was for more than double the amount reflected in the multiple billing entries that specified work on FLSA or minimum wage issues explicitly, thereby capturing portions of fees expended on general work applicable to the minimum wage claims and

others. Davis offers no suggestion of what additional reduction would be warranted, and we discern no abuse of discretion.

¶17 Davis also argues that the total amount of fees requested was excessive and that Mesa Airlines' fee application included impermissibly vague billing entries and charges for clerical work. But the fee application listed "the type of legal services provided, the date the service was provided, . . . and the time spent in providing the service" as required to give the court sufficient detail to assess the reasonableness of time expended. *See Schweiger*, 138 Ariz. at 188. Davis's generalized assertion that the time expended was excessive is insufficient to show an abuse of discretion. *See State ex rel. Corbin v. Tocco*, 173 Ariz. 587, 594 (App. 1992). Moreover, the court awarded Mesa Airlines fees based not just on § 12-341.01, but also on terms of the promissory notes requiring Davis to pay "all costs and expenses" for collection or enforcement of the notes, including reasonable attorney's fees. Even assuming that some billing entries included fees for clerical tasks, such charges would reasonably be included in "all costs and expenses" as contemplated by the contract terms, and Davis has neither argued nor shown that these charges are clearly excessive. *See McDowell Mtn. Ranch*, 216 Ariz. at 271, ¶ 20.

¶18 Accordingly, we affirm the superior court's award of attorney's fees in favor of Mesa Airlines.[1]

## III. Prejudgment Interest.

¶19 Finally, Davis argues that the court erred in calculating prejudgment interest, both by adopting an incorrect start date and by using compound rather than simple interest. We review de novo issues regarding Mesa Airlines' entitlement to prejudgment interest. *See Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 508 (1996); *see also Dawson v. Withycombe*, 216 Ariz. 84, 113, ¶ 99 (App. 2007).

¶20 "[P]rejudgment interest on a liquidated claim is a matter of right" and is generally calculated "from the date the claim becomes due." *Gemstar*, 185 Ariz. at 508. If "no definite time for payment is stated" on an

---

[1] Davis further argues that the superior court erred by denying his motion for new trial or to amend the judgment, which was premised on the superior court's failure to award fees in his favor and its ostensible failure to adequately reduce the award to Mesa Airlines. Because we have addressed these arguments directly, we need not further consider Davis's post-judgment motion.

obligation, however, prejudgment interest runs only from the date of the initial demand for payment, and absent other demand, from the date of filing of the complaint. *See id.* at 509; *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 124 Ariz. 242, 264–65 (App. 1979); *Dawson*, 216 Ariz. at 113, ¶ 100.

**¶21**       Davis does not contest Mesa Airlines' entitlement to prejudgment interest as a whole, but rather asserts that the superior court wrongly included prejudgment interest beginning when he left his employment with Mesa Airlines rather than from the date Mesa Airlines filed its complaint. But each promissory note was expressly made "payable on [Davis]'s last day of employment with Mesa [Airlines], without additional notice or demand." Although Davis denied receiving the invoices and demand letters that Mesa Airlines alleged it sent him in January 2017, the notes had, by their terms, already become due when he resigned effective December 1, 2016. *See Gemstar*, 185 Ariz. at 508. Accordingly, the superior court did not err by including prejudgment interest from December 1, 2016.

**¶22**       Davis also argues that the court's calculation of prejudgment interest wrongly compounded interest monthly rather than using a simple interest at 10% annually. We agree.

**¶23**       The promissory notes provided for no interest while Davis remained employed by Mesa Airlines, then "ten (10%) percent per annum upon termination of [Davis]'s employment with Mesa [Airlines]." Although the parties could have contracted for compound interest, *see Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987), the term of each note fixing the interest rate at "ten (10%) percent per annum" offers no indication that interest would be compounded, much less a basis for a particular frequency for compounding. *See Westberry v. Reynolds*, 134 Ariz. 29, 34 (App. 1982) (holding that the statutory interest rate of "6% per annum" "mandates" use of simple interest of 6% annually, not compound interest). And although Mesa Airlines suggests that Davis's counterargument was insufficient because he did not include a complete calculation, *see Ace Auto. Prods.*, 156 Ariz. at 143 ("It is not incumbent upon the court to develop an argument for a party [that offered no counter-interpretation of the interest provision]."), Davis's objection not only opposed compound interest but clearly stated that the "interest calculation must be reduced to an annual simple interest rate of exactly $1,386.89 per year."

**¶24** Accordingly, on remand the court should calculate prejudgment interest beginning December 1, 2016, using simple interest at a rate of 10% per annum.

## IV. Attorney's Fees on Appeal.

**¶25** Davis seeks an award of attorney's fees incurred on appeal under A.R.S. § 23-364(G), 29 U.S.C. § 216(b), and A.R.S. § 12-341.01. Mesa Airlines seeks fees under the terms of the promissory notes and A.R.S. § 12-341.01. Given this appeal's focus on Davis's minimum wage claims and their impact on the fee award as well as Davis's comparative success on the remaining issues, we award Davis his reasonable fees upon compliance with ARCAP 21.

## CONCLUSION

**¶26** We reverse the superior court's denial of Davis's request for reasonable attorney's fees related to his state and federal minimum wage claims, affirm the court's award of fees in favor of Mesa Airlines, and remand for further proceedings, including recalculation of prejudgment interest as set forth above.



AMY M. WOOD • Clerk of the Court
FILED: AA